DECUIR, Judge.
On October 30, 1991, an indictment was filed charging the defendant with the second degree murder of Shantay Taylor, the four-year old daughter of defendant’s girlfriend. On May 28, 1992, the State dismissed this indictment and filed two bills of information charging the defendant with negligent homicide, a violation of La.R.S. 14:32 and cruelty to a juvenile, a violation of La.R.S. 14:93. The defendant waived formal arraignment as to the latter two charges and entered pleas of guilty. On October 8, 1992, the defendant was sentenced to five (5) years without benefit of probation or suspension of sentence and a $1,000.00 fine on the negligent homicide charge and to nine (9) years at hard labor on the cruelty to juvenile charge. These sentences were ordered to run concurrently.
At the time of sentencing defense counsel objected that the sentence was outside the sentencing guidelines. A Motion to Reconsider Sentences was filed on October 29, 1992, alleging nine grounds. The first ground asserted was that the sentence for negligent homicide was illegal since La.R.S. 14:32 sets forth two separate and distinct sentencing ranges and the trial judge combined the two when sentencing defendant. The second ground alleges the minutes improperly reflect that the negligent homicide charge was ordered to be served without parole which is not authorized by La. R.S.14:32. Ground three alleges the bill of information for negligent homicide did not charge defendant with committing a battery upon the victim who was under the age of ten and, thus, the trial court considered the wrong sentencing provisions. The fourth ground alleged by defendant is that the amendment to the penalty for negligent homicide upon which the trial judge relied did not become effective until four days after the charged offense.
Next, defendant asserts as ground five that the sentence imposed for cruelty to a juvenile exceeded the sentencing guidelines. This argument was restated and expanded to include the negligent homicide charge in ground six. Ground seven asserts the trial court did not state adequate reasons for departing from the sentencing guidelines. The eighth ground once again asserts the trial court’s improper departure from the guidelines and the trial court’s failure to adequately state for the record the considerations taken into account. The last ground asserted by defendant in his Motion to Reconsider alleges the excessiveness of the sentences imposed upon defendant. This motion was denied by the trial judge on October 29,1992. Defendant now appeals his sentences, alleging eight (8) assignments of error.

FACTS

On or about September 2, 1991, Shantay Denise Taylor, the four-year old daughter of defendant’s girlfriend, was being disciplined when she slipped and fell, striking her head. Later the same day, around noon, the defendant placed the child in the bathroom leaving her unattended. During this time, the child apparently fell again, fatally injuring herself. This incident resulted in defendant’s conviction for negligent homicide based upon criminal negligence of the defendant in caring for the injured child. The cruelty to juvenile charge arose out of an incident occurring on or about August 1, 1991, where the defendant, in attempting to discipline the child, picked her up by her throat or shoulder area, *503 resulting in scarring on the back of the neck and bruises on the body of the child. Apparently the defendant picked the child up like a cat does a kitten. The defendant admitted, as a result of his holding the victim’s throat too tightly, she “lost her breath”. Defendant is a thirty-seven year old first offender with a college degree, who is a self-employed architect.

ERRORS PATENT

A review of the record reveals no patent errors which are not also assigned errors.

ASSIGNMENT OF ERROR NO. 1

Defendant’s first assignment of error contends that the sentence imposed by the trial court for negligent homicide was illegal. More specifically, he alleges that the inclusion “without benefit of parole” in the minutes of the court was illegal in that the proper sentencing provision does not limit parole eligibility.
The minutes of the court from sentencing on October 8,1992, state in pertinent part:
46716; NEGLIGENT HOMICIDE:
Pay a fine of $1000 and serve 5 years at had [sic] labor with the Louisiana Department of Public Safety and Corrections, without benefit of parole, probation or suspension of sentence, with credit for time served. This sentence is to run concurrently with 46717.
However, the transcript reveals the sentence imposed by the sentencing judge as follows:
“For these reasons assigned, the sentence of the Court is as follows: On the offense of cruelty to a juvenile, that’s 46,-717, it is the sentence of this Court that you serve nine years at hard labor with the Louisiana Department of Public Safety and Corrections. On the negligent homicide, in 46, I believe it is, 716, it is the sentence of this Court that you pay a fine of $1,000.00 and serve five years with the Louisiana Department of Public Safety and Corrections, without benefit of probation or suspension of sentence. I shall accede to the recommendations made earlier, however, regarding concurrency. These sentences are to be made to run concurrent with each other.”
As can be noted, the sentencing judge said the sentence was to be without benefit of probation or suspension of sentence, without reference to a denial of parole eligibility. The minutes improperly add the denial of parole eligibility and, in this regard, are inconsistent with what was actually said. It is well established that when there is a conflict between the minutes and the transcript, the transcript shall prevail. State v. Johnson, 533 So.2d 1288 (La.App. 3 Cir.1988). The sentence imposed, as reflected by the transcript, is consistent with the language contained in La.R.S. 14:32. Therefore, the sentence does not improperly deny defendant parole eligibility.
Defendant also contends that the peremptory denial of the Motion to Reconsider reaffirmed the judge’s intention to deny parole eligibility. Paragraph nine of defendant’s Motion to Reconsider recites the minutes and submits that it was improper for “without benefit of parole” to be added when the substantive law had no such provision. Attached to the Motion to Reconsider was a copy of the minutes of sentencing. The sentencing judge denied the Motion to Reconsider without a hearing on October 29, 1992. Although one of the obvious purposes of a Motion to Reconsider would be to correct errors in sentencing or, in this case, discrepancies between the minutes and transcript, failure to do so is not an obvious affirmation of the error as alleged by defense counsel.
For these reasons, defendant’s first assignment of error is without merit. However, we direct that the minutes of the trial court be corrected to correspond with the sentencing transcript.

ASSIGNMENT OF ERROR NO. 2

Defendant’s second assignment of error contends that the sentence is improper since the trial court invoked provisions from both sentencing possibilities. These provisions are imposition of a fine in addition to the limitation on probation and suspension eligibility.
*504 At sentencing, the judge imposed a $1,000.00 fine in addition to providing that defendant’s sentence be without benefit of probation or suspension of sentence. The sentencing provision in La.R.S. 14:32 states:
C. Whoever commits the crime of negligent homicide shall be imprisoned with or without hard labor for not more than five years, fined not more than five thousand dollars, or both. However, if the victim was killed as a result of receiving a battery and was under the age of ten years, the offender shall be imprisoned at hard labor, without benefit of probation or suspension of sentence, for not less than two nor more than five years.
In the instant case, the facts presented on the record at the plea of this matter revealed that the victim was four years of age. The evidence strongly suggests that the victim was killed as a result of receiving a battery. However, this is not absolutely conclusive. Although the defendant admitted to “choking” the child, defendant asserted that the head injuries resulted from the child falling. Defendant argues that these two elements are “substantive elements of the offense rather than a procedural predicate for the choice by the court of the more severe sentence ...” The thrust of defendant’s contention is that the sentencing court imposed an illegal sentence in sentencing defendant from both sentencing provisions and, in sentencing defendant under the latter provision since defendant had not pled to the additional two elements — specifically the age of the victim and the commission of a battery that resulted in the death of the victim.
The State contends that the addition of the words “without benefit of probation or suspension of sentence” by the sentencing judge was superfluous and reaffirmed the court’s decision to not place defendant on probation. The State further contends that the record does not indicate that the sentencing judge was sentencing defendant under the “enhanced penalty” and substantiated this argument by referring to the sentencing provisions recited during the plea colloquy.
We agree that the plea colloquy contains only the first sentencing provision, and the language in question is added verbiage even though the language used by the trial court in sentencing defendant without benefit tracks the language of the second sentencing provision. The sentencing judge clearly indicated at sentencing that he did not think defendant was a good candidate for probation and that the seriousness of the offense required a sentence of incarceration.
La.C.Cr.P. art. 893 provides for the suspension of a felony sentence or the placing of defendant on probation. Section (D) provides that “[ejxcept as otherwise provided by law, the court shall not suspend a felony sentence after the defendant has begun to serve the sentence.” This language became effective in 1987. The prior language did not contain the language “except as otherwise provided by law.”
The purpose of the 1987 amendment was to allow the amendment of sentence in certain cases after commencement of the sentence. The other provisions of the Code of Criminal Procedure which were amended by the same Act were articles 881(A) and (B), 894(A)(4), 895(A), and 895.1(A) and (C). Basically, the amendments deal with felony sentences where a defendant has been sentenced to imprisonment without hard labor and to misdemeanor cases. In the instant case defendant was sentenced to hard labor, and thus his sentence would not be properly amended once he has started to serve the sentence. Furthermore, the later amendments to La.C.Cr.P. art. 881.1 providing for a Motion to Reconsider Sentence would not extend article 893 in the present case since a Motion to Reconsider Sentence was filed and denied by the trial court. In conclusion, defendant was not given a probated or suspended sentence originally and the inclusion of “without benefit of probation or suspension of sentence” is of no effect since defendant’s sentence cannot be amended once he has begun to serve his sentence. However, even though the language is of no effect and does not affect the defendant’s rights or the legality of the sentence imposed, it should not have been included as it is unnecessary language which is confusing if nothing else.
For these reasons, this assignment of error is without merit.

*505
ASSIGNMENT OF ERROR NO. 3

Defendant’s third assignment of error contests the application of the enhanced penalty based upon the effective date of the new sentencing provision. More specifically, defendant complains that the sentencing provision limiting eligibility for probation and suspension did not become effective until four days after the commission of the present offense, and thus is not applicable to defendant. The enhanced sentence for the killing, by battery, of a child under the age of ten was added by Acts 1991, No. 864 § 1. This Act was approved on July 23, 1991, but does not specify the effective date. Therefore the effective date is sixty days after adjournment of the session. The Regular 1991 Legislative Session adjourned on July 8, 1991, making the general effective date September 6,1991. The crime in the case sub judice occurred on September 2, 1991, four days before the effective date of the enhanced penalty. Since the penalty is more severe than the one in effect on September 2, 1991, it would not be applicable to the present case.
However, because we determined in Assignment of Error No. 2 that the words “without benefit of probation or suspension of sentence” were of no moment, then the same conclusion follows in this assignment. The sentencing judge was not sentencing defendant under the enhanced penalty but sentenced defendant correctly under the sentencing provisions which were last amended in 1980. Accordingly, we find no merit in this assignment.

ASSIGNMENTS OF ERROR NOS. 5, 6, 7 and 8

By these assignments of error, defendant contends that both the sentence of nine years on the crime of cruelty to a juvenile and the sentence of five years and one thousand dollars fine on the charge of negligent homicide constitutes cruel, excessive and/or unusual punishment, in violation of the Louisiana Constitution. By assignment number five, defendant contends both sentences exceeded the Louisiana Sentencing Guidelines. In assignment number six, defendant asserts the trial judge departed from the designated sentencing range of the guidelines without providing adequate reasons for the departures. Assignment seven alleges the trial court’s failure to adequately comply with La. C.Cr.P. art. 894.1 and assignment eight contests the excessiveness of defendant’s sentences.
Defendant was sentenced on both counts on October 8, 1992. Defense counsel timely filed a Motion to Reconsider Sentences on October 29,1992. The grounds raised in the Motion to Reconsider Sentences clearly cover those asserted in Assignments of Error 5-8. Defendant’s motion was denied without reasons.
At the acceptance of defendant’s pleas, the trial judge ordered a presentence investigation. At sentencing, the trial judge indicated he had received and reviewed the presen-tence investigation report.
The PSI contained a Sentencing Guidelines Report, classifying negligent homicide as a 4G designated sentencing range and cruelty to a juvenile as a 5G sentencing range. Defendant, a thirty-seven year old architect had no prior record. Thus, he was properly classified as a first offender and given a “G” range. Cruelty to juveniles is either a grid cell two or five, depending on whether the injury to the victim was intentional or in a criminally negligent manner. La.S.G. § 401.C. The appropriate grid cell in the instant case is five as the bill of information in the present case shows the crime occurred by criminally negligent mistreatment. Negligent homicide is a four level grid cell. La. S.G. § 401.C. Thus, the sentencing range arrived at by Probation and Parole and mentioned by the court is correct. The sentencing guidelines provide the sentencing range for a 4G range (negligent homicide) to be between eighteen to thirty-six months. This range falls within the discretionary sanction zone which leaves the decision of whether to. order incarceration or grant probation to the sentencing judge. Defendant was sentenced to five years at hard labor and a $1,000.00 fine, two years above that recommended in the guidelines. The statutory provision provides for a sentence of up to five years and a five thousand dollar fine.
A 5G range (cruelty to a juvenile in a criminally negligent manner) has a sentenc *506 ing range of fifteen to thirty months and falls within the intermediate sanction zone where probation is the preferred sentencing choice. Defendant was incarcerated even though he was eligible for probation, and was sentenced to nine years at hard labor, six and one-half years above that recommended by the guidelines. The statutory provision provides for a sentence up to ten years and a one thousand dollar fine. Both sentences imposed upon defendant exceed the recommended sentencing range although they were ordered to run concurrently.
The trial judge specifically mentioned his consideration of the guidelines as required by La.C.Cr.P. art 894.1. He also mentioned the sentencing range determinations provided by Probation and Parole, although he expressed doubts as to their validity. The judge further stated that he felt it would be unconscionable to stay within the guidelines in the present case.
The extensive written reasons provided by the trial court attempt to justify a departure from the guidelines, however, it is obvious from a reading of the reasons that the trial court considered the sub-paragraphs contained in the old art. 894.1 as his references are consistent with that article. Several of these factors have been carried over as aggravating or mitigating circumstances in the guidelines. However, due to a change of wording, it is difficult to determine what specifically should apply. It would appear, based on our reading that the judge found the following aggravating factors to be applicable:
1. The offender’s conduct during the commission of the offense manifested deliberate cruelty to the victim.
2. The offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability or ill health.
* * ⅜ * * *
4. The offender used his or her position or status to facilitate the commission of the offense.
⅜ ⅜ ⅜: ⅜: ⅜ ⅜
9. The offense resulted in a significant permanent injury or significant economic loss to the victim or his family.
(La.S.G. § 209B).
The mitigating factors specifically referred to by court were:
17. The offender has spent a significant period of time free of any custody status during which he has not engaged in any criminal activity resulting in a felony or misdemeanor conviction, as defined herein. If deemed appropriate, the court may consider the suggested crime-free time reduction factors in Chapter 4, § 402.E.
18. Any other relevant mitigating circumstances which distinguish the case from the typical case of the offense of conviction.
(La.S.G. § 209C).
The trial judge determined that the death of the child resulted directly from the disciplinary actions of defendant and his eode-fendant (the mother of the victim) but did not believe the defendant had the specific intent to kill the victim.
The judge referred to the appropriate sentencing ranges for the two offenses. For this reason it would appear that he considered the guidelines although he obviously did not conform to the guidelines.
La.C.Cr.P. art. 881.4(D), La.C.Cr.P. art. 881.6 and La.C.Cr.P. art. 894.1(A) and La.S.G. § 103(J) provide that an appellate court shall not find a sentence excessive, solely due to the failure of the trial court to impose a sentence in conformity with the guidelines if the record supports the sentence imposed. Therefore, a sentence which does not fall within the designated sentencing range should be reviewed for excessiveness based upon the jurisprudence dealing with constitutional excessiveness, taking into consideration any aggravating or mitigating factors set forth in La.S.G. § 209. The legislature has not set forth how much weight is to be given to any of these factors but leaves this to the discretion of the trial court.
*507 The jurisprudence clearly indicates that to constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
This court has not required strict compliance with the guidelines and La.C.Cr.P. arts. 881.4(D), 881.6, and 894.1(A) do not require strict compliance and actually provide that a sentence cannot be set aside as excessive solely for the trial court’s failure to conform to the guidelines. This position is buttressed by a recent concurrent resolution of the Louisiana Legislature.
House Concurrent Resolution No. 269 of the 1992 legislative session, specifically requests that appellate courts consider the sentencing guidelines advisory rather than mandatory. Furthermore, the resolution provides that the aggravating and mitigating circumstances, in the guidelines, are designed to assist the trial court, however, the court may use other factors including those formerly in La.C.Cr.P. 894.1. Finally, the resolution notes that the trial court may deviate from the guidelines, where there are no aggravating factors providing the court provides reasons and a factual basis for the deviation.
While the sentences imposed on the defendant are harsh, we cannot say they are so excessive as to shock our sense of justice. The trial court provided extensive reasons, including several aggravating and mitigating circumstances. Furthermore, the court accepted the recommendation that defendant’s sentences run concurrently. We find no manifest abuse of discretion by the trial court.

ASSIGNMENT OF ERROR NO. 4:

By this assignment of error defendant contends the trial court erred in failing to consider and resentence defendant in accordance with his Motion to Reconsider Sentences.
For the reasons assigned in the other seven assignments of error, we find that the trial court committed no error in not granting defendant’s Motion to Reconsider. Defendant first asserted in his motion the trial court’s improper use of the second sentencing provision of La.R.S. 14:32. This provision is also the basis for ground three and ground four and we find these grounds are meritless.
Defendant’s second ground deals with the error in the minutes of sentencing including parole eligibility. Although this did not affect the sentence imposed upon the defendant, the trial court should have corrected this error in the minute entry when it was brought to its’ attention.
Grounds five, six, seven, eight and nine all concern the exeessiveness of both sentences imposed upon defendant. As we have found that defendant’s sentences are not excessive, the trial court did not err in denying this portion of defendant’s Motion to Reconsider.
Accordingly, the defendant’s convictions and the sentences imposed are affirmed.
Affirmed.