STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-771

STATE OF LOUISIANA

VERSUS

DAVID ALAN BREAUX

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16149-16
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE

**********

JONATHAN W. PERRY,
JUDGE

**********

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Jonathan W. Perry, Judges.

CONVICTIONS AFFIRMED; SENTENCES VACATED, IN PART; REMANDED WITH INSTRUCTIONS.

Ms. Holli Herrle-Castillo
Attorney at Law
P. O. Box 2333
Marrero, LA 70073-2333
COUNSEL FOR APPELLANT:
    David Alan Breaux

**Ms. Shelley A. DeVille**
**Ms. Karen C. McLellan**
**Assistant District Attorney**
**Mr. John F. DeRosier**
**District Attorney**
**Parish of Calcasieu**
**901 Lakeshore Dr., Ste. 600**
**Lake Charles, LA 70601**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**PERRY, Judge.**

Defendant, David Alan Breaux, appeals his jury convictions for attempted first degree murder (two counts), violations of La.R.S. 14:27 and 14:30.1; aggravated flight from an officer, a violation of La.R.S. 14:108.1; and possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. Relying on an alleged improper denial of a challenge for cause, Defendant seeks to reverse his convictions. He further contends his sentences for attempted first degree murder (two counts) were constitutionally excessive.[1] For the following reasons, we affirm Defendant's convictions, but vacate Defendant's sentences for attempted first degree murder and remand for resentencing, order the trial court to correct the Defendant's sentence for his conviction of aggravated flight from an officer, as reflected in this opinion, and remand this matter to the trial court to correctly advise Defendant of the provisions of La.Code Crim.P. art. 930.8.

## FACTS

None of Defendant's assignments of error involve the facts which led to his convictions. Accordingly, we find it is only necessary to provide a thumbnail sketch of the facts that led to Defendant's arrest.

On June 24, 2016, Defendant and Kayla Demary ("Kayla") were romantically involved. At that time, Kayla was five months pregnant with Defendant's child. As Kayla and her father, Harry Bertrand ("Harry"), were driving from the grocery store, they noticed Defendant following them. While Kayla and Harry exited their vehicle, but before they were able to enter their home, Defendant arrived in the front yard armed with a hand gun and shouted that he was going to kill them. Defendant then

---

[1] We note Defendant was convicted of and sentenced for multiple criminal offenses. Although Defendant broadly assigns as error the excessiveness of his sentence, he limits his discussion to only his sentences for two counts of attempted first degree murder. Accordingly, we find only those two sentences are before us.

fired three shots at Kayla and Harry; one shot wounded Kayla. When Harry attempted to go to Kayla's aid, Defendant pointed the hand gun at him, cautioned him not to move toward Kayla, and then told him that he would get him this time. When the neighbors saw what was happening and headed toward Kayla and Harry, Defendant sped away in his vehicle. Eventually, Kayla was airlifted to a Lafayette hospital and was treated for wounds to her chest and arm. After fleeing from police at speeds of greater than 100 miles per hour, the police captured Defendant and these criminal charges were brought against him.

After a unanimous jury convicted Defendant, the trial court sentenced him to forty-five years at hard labor for each of the attempted murder convictions to be served without benefit of probation, parole, or suspension for the first ten years [2] and five years at hard labor for the aggravated flight from an officer conviction to run consecutively to the sentence imposed on each conviction of attempted first degree murder and further imposed a fine of $2,000.00. Lastly, for possession of a weapon by a convicted felon, he was sentenced to ten years at hard labor without benefit of probation, parole, or suspension of sentence, to run concurrently to the sentences imposed on each conviction of attempted first degree murder and aggravated flight from an officer.

## ASSIGNMENTS OF ERROR

Defendant raises two assignments of error: (1) the trial court erred in denying the defense's challenge for cause as it relates to prospective juror Diana Mays

---

[2] Our review of the sentencing colloquy shows the trial court acknowledged the State's observation that the first ten years of Defendant's sentences for attempted first degree murder be served without benefits. It stated, "Let the record reflect the same." Nevertheless, the trial court continued, "[I]t should be noted that the first ten years of both sentences shall be without benefit of parole or suspension of sentence." It made no mention of Defendant's restriction from probation. Notwithstanding, the sentencing minutes note that Defendant's two sentences for attempted first degree murder are "to be served at hard labor and without benefit of probation, parole or suspension of sentence for the first ten (10) years. . . ." This recitation is provided for clarity only. Because we vacate Defendant's two sentences for attempted first degree murder for reasons more fully detailed herein and remand for resentencing, this error is immaterial.

2

("Mays"); and (2) the trial court erred in imposing an excessive sentence for his attempted murder convictions.

## DENIAL OF CHALLENGE FOR CAUSE

Defendant contends the trial court erred when it failed to excuse Mays, a prospective juror, for cause. Defendant argues that Mays' responses showed she was unable to be attentive and she could not render a fair verdict. Defendant claims he should receive a new trial because he exhausted all his peremptory challenges and Mays should have been excused for cause.

In *State v. Juniors*, 03-2425, p. 7-8 (La. 6/29/05), 915 So.2d 291, 304–05, our supreme court stated:

> Louisiana Constitution article I, § 17 guarantees to a defendant the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily . . . . When a defendant uses all twelve of his peremptory challenges, an erroneous ruling of a trial court on a challenge for cause that results in depriving him of one of his peremptory challenges constitutes a substantial violation of his constitutional and statutory rights, requiring reversal of the conviction and sentence. *See State v. Cross*, 93–1189, p. 6 (La. 6/30/95), 658 So.2d 683, 686; *State v. Bourque*, 622 So.2d 198, 225 (La. 1993), *overruled on other grounds by State v. Comeaux*, 93–2729 (La. 7/1/97), 699 So.2d 16. Prejudice is presumed when a challenge for cause is erroneously denied by a trial court and a defendant has exhausted his peremptory challenges. *State v. Robertson*, 92–2660, p. 3 (La. 1/14/94), 630 So.2d 1278, 1280; *State v. Ross*, 623 So.2d 643, 644 (La. 1993). Therefore, to establish reversible error warranting reversal of a conviction and sentence, defendant need only demonstrate (1) the erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges. *Cross*, 93–1189 at 6, 658 So.2d at 686; *Bourque*, 622 So.2d at 225.

Nonetheless, to preserve the issue for appellate review, the defendant must remove the prospective juror with a peremptory challenge. In *State v. Campbell*, 06-0286, p. 71 (La. 5/21/08), 983 So.2d 810, 856, *cert. denied*, 555 U.S. 1040, 129 S.Ct. 607 (2008), the supreme court further elaborated, as follows:

> [A]s recent decisions of this court have emphasized, an erroneous ruling on a challenge for cause which does not deprive a defendant of one of his peremptory challenges does not provide grounds for reversing his conviction and sentence. A defendant thus must use one

of his remaining peremptory challenges curatively to remove the juror or waive the complaint on appeal, even in a case in which he ultimately exhausts his peremptory challenges. *See State v. Blank*, 04–0204 p. 25 (La. 4/11/07), 955 So.2d 90, 113, *cert. denied*, 552 U.S. 994, 128 S.Ct. 494, 169 L.Ed.2d 346 (2007) ("In Louisiana, a defendant must use one of his peremptory challenges curatively to remove the juror, thus reducing his remaining peremptory challenges, or waive any complaint on appeal.")(citing *State v. Connolly*, 96–1680, p. 8 (La. 7/1/97), 700 So.2d 810, 818; *State v. Bourque*, 622 So.2d 198, 229–30 (La. 1993); *State v. Fallon*, 290 So.2d 273, 282 (La. 1974)).

The record in the present case shows that initially Defendant challenged the prospective juror for cause; the State did not oppose that challenge. Nevertheless, the trial court denied Defendant's cause challenge. Ultimately, however, the record further establishes that it was the State, not Defendant, who exercised its fourth peremptory challenge to back-strike Mays. Accordingly, it is clear Defendant was not forced to use one of his peremptory challenges to remove this prospective juror. Therefore, we find Defendant waived the right to raise this issue on appeal.

## ERRORS PATENT

In compliance with La.Code Crim.P. art. 920, we review all criminal appeals for errors patent on the face of the record. *See State v. Oliveaux*, 312 So.2d 337 (La. 1975). After carefully reviewing the record, we find three errors patent, as well as court minutes of sentencing that require correction.

Originally, the trial court sentenced Defendant to serve forty-five years at hard labor for each of his attempted first degree murder convictions, and it made no mention of the benefits restrictions prescribed in La.R.S. 14:27(D)(1)(a) and 14:30(C)(2). Later during sentencing, the State drew the trial court's attention to its failure to restrict Defendant's parole, probation, and suspension, and further advised the court that the statute required the first ten years be served without those benefits. Thereafter, the trial court "noted that the first ten years of both sentences shall be without benefit of parole or suspension of sentence." *See* note 2, *supra*.

4

Initially, we find that although the penalty provision for attempted first degree murder requires the entire sentence be served without benefit of parole, probation, or suspension of sentence, La.R.S. 14:27(D)(1)(a) and 14:30(C)(2), the trial court ordered only ten years of Defendant's two sentences for attempted first degree murder served without parole or suspension of sentence. Thus, both Defendant's sentences for attempted first degree murder are illegally lenient because they fail to include a probation restriction and further fail to extend for the entirety of sentence.

Ordinarily, this court has chosen not to recognize an illegally lenient sentence if the issue has not been raised as an error. *See State v. Aguillard*, 17-798 (La.App. 3 Cir. 4/11/18), 242 So.3d 765. Notwithstanding, in the present case the State has raised this issue on appeal and has requested that we remand this case for compliance with the benefits restrictions enunciated in La.R.S. 14:27(D)(1)(a) and 14:30(C)(2). Accordingly, we find this illegally lenient sentence is properly before us.

Because the State raised the issue of Defendant's illegally lenient sentence for his two attempted murder convictions, we vacate Defendant's sentences for the two convictions of attempted first degree murder[3] and remand for resentencing in accordance with the sentencing provisions of La.R.S. 14:27(D)(1)(a) and La.R.S. 14:30(C)(2).[4] Accordingly, we instruct the trial court that the entirety of

---

[3] Defendant has urged us to consider his sentences for attempted first degree murder excessive. Because we vacate those sentences and remand this matter for resentencing, we pretermit Defendant's assignment of error as it relates to the excessiveness of those two sentences.

[4] Louisiana Revised Statutes 15:301.1(A) provides that when the trial court is silent as to the mandated term of parole ineligibility, there is no need for this court to remand the matter to the trial court. Nevertheless, this procedure is inapplicable when the trial court actually imposes an improper term of parole ineligibility. *See State v. Rivers*, 01-1251 (La.App. 5 Cir. 4/10/02), 817 So.2d 216, *writ denied*, 02-1156 (La. 11/22/02), 829 So.2d 1035. Thus, remand is required in the present case.

Defendant's two sentences for attempted first degree murder must be served without benefit of parole, probation, or suspension of sentence.[5]

Next, our errors patent review also shows the trial court incorrectly advised Defendant that he had a two-year time limitation for initiating an application for post-conviction relief and "that runs two years from today, the signing of the judgment, if you wish to do so." To the contrary, La.Code Crim.P. art. 930.8 provides that "[n]o application for post-conviction relief . . . shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922."[6] Rather than the date of sentencing in the trial court, the two-year time limitation commences either when the defendant fails to perfect an appeal, La.Code Crim.P. art. 914, or after a timely appeal has been perfected and a judgment has become final, La.Code Crim.P. art. 922. Therefore, we direct the trial court to correctly advise Defendant at resentencing of La.Code Crim.P. art. 930.8's prescriptive period.

Finally, our review of the sentencing transcript shows the trial court imposed a $2,000.00 fine for Defendant's conviction of aggravated flight from an officer. Notwithstanding, the court minutes incorrectly indicate the fine was imposed for Defendant's conviction of possession of a firearm by a convicted felon. "It is well established that where there is a conflict between the minutes and the transcript, the

---

[5] Our errors patent review also shows that the trial court imposed an illegally lenient sentence for Defendant's possession of a firearm by a convicted felon. As the record reveals, the trial court sentenced Defendant to ten years at hard labor without benefit of probation, parole, or suspension of sentence. As provided in La.R.S. 14:95.1(B), the trial court was also mandated to impose a fine of not less than one thousand dollars nor more than five thousand dollars. It did not do so. Although we are cognizant of this error, the State, unlike its complaint about the lenient sentence Defendant received for his two attempted murder convictions, has not raised this error on appeal. Because the State has not raised this issue, we will not address it. *See State v. Goodeaux*, 17-441 (La.App. 3 Cir. 11/2/17), 231 So.3d 124, *writ denied*, 17-2143 (La. 9/14/18), 252 So.3d 488.

[6] Louisiana Code of Criminal Procedure Article 914 establishes the method and time of appeal. Louisiana Code of Criminal Procedure Article 922 describes the finality of a judgment on appeal.

transcript shall prevail." *State v. Edwards*, 626 So.2d 501, 503 (La.App. 3 Cir. 1993), *writ denied*, 93–3125 (La. 2/3/95), 649 So.2d 400. Therefore, we direct the trial court to correct the sentencing minutes to reflect the $2,000.00 fine was imposed for Defendant's conviction of aggravated flight from an officer.

## DISPOSITION

Defendant's convictions are affirmed. We vacate Defendant's two sentences for attempted first degree murder and remand to the trial court for resentencing. At resentencing, the trial court is directed to correctly advise Defendant of the provisions of La.Code Crim.P. art. 930.8 to specify the time limitation for filing an application for post-conviction relief. Furthermore, the trial court is instructed to correct the sentencing minutes to accurately reflect that the $2,000.00 fine was imposed for Defendant's conviction of aggravated flight from an officer.

**CONVICTIONS AFFIRMED; SENTENCES VACATED, IN PART; REMANDED WITH INSTRUCTIONS.**