444 So.2d 343 (1983)
STATE of Louisiana
v.
James SINGLETON.
No. 83 KA 0826.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Bernard E. Boudreaux, Jr., Dist. Atty., Walter J. Senette, Jr., Asst. Dist. Atty., Franklin, for appellee.
Don J. Hernandez, Franklin, for defendant.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Defendant was charged by bills of information with three counts of simple burglary in violation of La.R.S. 14:62. After a *344 jury of six unanimously found him guilty on all three counts, he was sentenced as an habitual offender to serve three concurrent twenty-one year sentences at hard labor.
Defendant argues that 1) there was insufficient circumstantial evidence to have found proof of entry, and 2) the trial judge confused the jury with phrases included in the charge on reasonable doubt.
Defendant borrowed a pickup truck and became stuck in a ditch along a shell road. He walked to a nearby gas station and learned that it would cost him $30.00 to get his truck pulled from the ditch. He told the attendant he had to go home and get some money. He returned about an hour later with $15.00 in quarters and offered to leave his driver's license as a deposit on the balance. The attendant then pulled defendant's truck from the ditch.
The police received calls early the next morning that National Wheel-O-Vators, Lee's Ornamental Iron Works and Kentwood Spring Waters, all located along the shell road, had been burglarized. At National, a metal exterior door and a wooden door leading into an office had been pried open and approximately $11.00 in quarters and the change from the soft drink machine were missing. Although an exterior door at Kentwood was open and appeared to have been jimmied, nothing was missing. Only a magazine was missing from Lee's where a door had been pried open.
Footprints going toward and coming from National were seen on both sides of the shell road where defendant's truck had been stuck. Similar footprints were around all three buildings, as were some partial prints around the soft drink machine. Pictures of these taken by an investigator were introduced into evidence.
Defendant first argues that there is no evidence showing that he entered the building, an element required by simple burglary.
When reviewing a conviction based upon circumstantial evidence, it must be determined that, viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded. La.R.S. 15:438. State v. Oliney, 430 So.2d 1294 (La.App. 1st Cir. 1983).
Defendant asserts that the state's case rests entirely on the circumstance that the shoe print cast and pictures could have matched defendant's tennis shoe and that such inferences do not exclude every reasonable hypothesis of innocence. However, the State's evidence showed that the footprints led from the area where the truck was stuck, disappeared over a shell road, but continued toward National. Footprints thought to be made by the same shoe were also found by the other two buildings that had been broken into. An expert who examined the cast print and defendant's shoe testified that although he could not state that the defendant's shoe made the print from which the cast was taken, the print was made by a shoe exactly like defendant's, with the same tread pattern and size. Although the photographs of footprints near the soft drink machine were not clear, the expert thought they were compatible with defendant's shoe.
The doors of the three buildings had been pried open. Someone made an unauthorized entry; this was evidenced by the disturbed condition of the buildings. The defendant used fifteen dollars in quarters to pay for the tow. The evidence indicated that at least eleven dollars in quarters was stolen from National, in addition to the change in the soft drink machine. Viewed in a light most favorable to the prosecution, the evidence in the record is sufficient for a reasonable trier of fact to conclude beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded. State v. Oliney, supra.
Defendant next argues that the general charge on reasonable doubt given by the trial judge contained several phrases which misled and confused the jury. However, the alleged irregularity cannot be *345 availed of on appeal because it was not objected to at the time of occurrence,[1] and is not discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La.C.Cr.P. art. 920;[2]State v. Thomas, 427 So.2d 428, on rehearing (La.1983). Nevertheless, we have examined the charge and conclude that a reasonable person of ordinary intelligence would have no difficulty in understanding the definition. We find no constitutional violations. See State v. McDaniel, 410 So.2d 754 (La.1982).
In our review for patent error, we find that the trial judge has imposed an illegal sentence since the defendant was treated as an habitual offender on each of the three counts of simple burglary. Convictions on more than one count entered on the same date should be treated as one conviction for applying the habitual offender statute. State v. Sherer, 411 So.2d 1050 (La.1982).[3] Therefore, only one of the three counts of defendant's conviction could be used in the sentencing as an habitual offender and the habitual offender bill on the other counts should have been rejected.
For these reasons, we affirm the conviction and set aside the sentence on all three counts. The matter is remanded to the trial court for further proceedings in accordance with the above views.
AFFIRMED IN PART; SET ASIDE AND REMANDED IN PART.
NOTES
[1] La.C.Cr.P. art. 841:

An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
The requirement of an objection shall not apply to the court's ruling on any written motion.
[2] La.C.Cr.P. art. 920:

The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the proceedings and without inspection of the evidence.
[3] We note that this decision has been criticized in a concurring opinion by Justice Lemmon in State v. Lennon, 427 So.2d 860 (La.1983).