490 So.2d 462 (1986)
STATE of Louisiana
v.
Roy A. MISTRETTA, Jr.
No. KA-4612.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*463 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Timothy M. Warner, Asst. Dist. Atty., New Orleans, for the State.
Dwight Doskey, Orleans Indigent Defender Program, and Kendall P. Green, New Orleans, for defendant.
Before SCHOTT, BYRNES and ARMSTRONG, JJ.
SCHOTT, Judge.
Defendant was convicted of simple burglary in violation of LSA-R.S. 14:62.2 and sentenced as a third offender to six years at hard labor.
At about 2 p.m. on November 29, 1984, Mrs. Charles O'Connell returned from the beauty parlor to her home on Bellaire Drive in New Orleans and remarked to her husband and daughter that she had just seen a man walking behind the house of their neighbor across the street at 6656 Bellaire. The husband and daughter went out to their carport and saw a man standing by a car parked on the street in front of their neighbor's house. As they observed him their German shepherd dog was barking and the man began alternately blowing the car's horn and checking underneath the car. A few minutes later another man came out of 6656 Bellaire Drive carrying a shopping bag and the two got into the car and drove away.
In the meantime the police had been called, and they arrived a few minutes after the two had left. The police found the house at 6656 Bellaire broken into and several rooms ransacked. When the owner arrived she found jewelry and other items missing.
Shortly after the police arrived they presented the O'Connels with a group of photographs including an old one of defendant. The daughter, Melanie, picked him out but was somewhat uncertain in her identification. The next morning the police brought a display of the same photographs except for the substitution of a newer photograph of defendant. This time Melanie positively identified him as the man she observed in front of her neighbor's house.

ASSIGNMENT OF ERROR 1
By this assignment defendant contends the trial court erred in denying his motion to suppress the identification. He argues that the two photographic lineups were unduly suggestive. The second lineup consisted of the six photographs with the faces displayed in holes cut through a cardboard sheet. There is nothing in this display which calls the attention of the viewer to the defendant's picture notwithstanding that the hole over his picture is larger than some others in the group and that his picture has some distinctive shadings of black and white compared to the others. However, defendant makes a point that his was the only photograph changed from the first stack of six loose pictures shown to Melanie.
Assuming that the lineup was suggestive, however, Melanie's identification meets the five factor test set out by the court in Manson v. Brathwaite, 432 U.S. 98, 97 Ct. 2243, 53 L.Ed.2d 140 (1977): the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness, and the length of time between the crime and the identification. She observed the defendant for ten minutes from a position thirty feet away at 2 p.m. on a sunny day with her attention focused on him. She provided the police with a description which matched defendant. When she saw the first picture of defendant she immediately picked him out, her only reservation being that he had a fuller beard than the man in the picture. When she saw the second picture, which was a more recent one, she had no hesitation, doubt, or reservation about it being a picture of the man she had seen. The first identification was made within minutes after the police arrived and the second was made on the following morning. From our *464 review of her testimony and the circumstances of her identification it was absolutely reliable according to the Manson criteria. See also State v. Jackson, 454 So.2d 398 (La.App. 4th Cir.1984) and State v. Morgan, 454 So.2d 364 (La.App. 4th Cir. 1984). This assignment has no merit.

ASSIGNMENT OF ERROR 2
By this assignment defendant contends the court erred in admitting evidence of other crimes. During the cross-examination of defendant's wife the court permitted her to be questioned about defendant's prior use of heroin and his prior arrest for simple burglary. However, on direct examination by defense counsel Mrs. Mistretta gave testimony designed to provide him with an alibi as to the November 29 burglary. She stated that because her husband had a drug problem and the police had a warrant for his arrest for another burglary he had been hiding in her house continously during the month of November. R.S. 15:280 provides:
When a witness has been intentionally sworn and has testified to any single fact in his examination in chief he may be cross-examined upon the whole case.
Her testimony concerning defendant's drug problem and his being sought by the police opened the door for the prosecutor's questions on cross-examination. This assignment lacks merit.

ASSIGNMENT OF ERROR 3
By this assignment defendant contends that without Melanie's identification of him the evidence was insufficient to convict him. Having found the identification to be proper and reliable we need not address this assignment.

ASSIGNMENT OF ERROR 4
Defendant here argues he was represented by ineffective counsel based on these facts: 1) three different attorneys represented him at various stages of the proceedings; 2) the attorney made a serious mistake in eliciting testimony from Mrs. Mistretta which opened the door for the testimony about defendant's previous arrest for burglary; and 3) one of the attorneys failed to obtain a ruling on the motion to suppress identification when this motion was heard. As to the first point, defendant makes no showing as to how or why the fact that three different attorneys handled various matters in the record was ipso facto proof that he was not adequately and effectively represented. In order to prove a claim of ineffective counsel a a defendant must prove that counsel's performance was deficient and he was prejudced thereby. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller 454 So.2d 119 (La.1984). Defendant provided no such proof. As to counsel's decision to place Mrs. Mistretta on the stand to establish defendant's alibi, this was a trial tactic which may be appear to be a mistake in hindsight, but this does not mean counsel was ineffective. State v. Seiss, 428 So.2d 444 (La.1983). Finally, the trial court's decision to defer ruling on the motion to suppress identification until the morning of the trial was within its discretion. Counsel could not control this and his "failure" to obtain a ruling cannot be considered proof of his ineffectiveness as counsel. Furthermore, there is no showing that defendant's trial preparation was hampered by the absence of a ruling on the motion. This assignment has no merit.
In a last assignment defendant contends the trial court erred in adjudging him to be a triple offender. One of the predicate offenses was a simple burglary for which he was convicted in 1975. The docket master shows he was sentenced to 4 ½ years with the sentence suspended and he was placed on active probation for five years. However, the docket master also contains another 1975 entry: "Dept. of Correction refused Mistretta." R.S. 15:529.1 C provides that the Habitual Offender Law does not apply to cases where more than five years have elapsed from the expiration of the maximum sentence for one conviction and the commission of next *465 felony. Maximum sentence in this section means the actual term of supervision so that the five year period begins from the date of his actual discharge. State v. Anderson, 349 So.2d 311 (La.1977). In the instant case the state failed to prove when defendant was discharged from custody for the 1975 conviction and it appears that his second offense was committed in 1981 at the earliest. This failure to prove that five years did not lapse between these events requires that the sentence be vacated and the case remanded for resentencing.
Accordingly the conviction is affirmed, the sentence vacated, and the case is remanded for resentencing.
AFFIRMED SENTENCE VACATED. REMANDED FOR RESENTENCING.