533 So.2d 112 (1988)
STATE of Louisiana
v.
Barbara PORTER & Bennie Freeman.
No. KA-6885.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1988.
*113 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellants.
Before BYRNES, WILLIAMS and PLOTKIN, JJ.
BYRNES, Judge.
Defendants Barbara Porter (Porter) and Bennie Freeman (Freeman) were each charged by Bill of Information with distribution of cocaine in violation of R.S. 40:967. Additionally, defendant, Freeman, was charged with possession with intent to distribute cocaine in violation of R.S. 40:967.
On February 13, 1986 a jury found Porter guilty of attempted distribution and Freeman guilty of distribution and possession with intent to distribute cocaine. On March 20, 1986 the state filed a multiple bill against both defendants. On April 13, 1986 Porter's Motion to Quash the multiple bill was granted and she was sentenced to six years at hard labor with credit for time served. Freeman was adjudged a triple offender and was later sentenced to fifteen years at hard labor without good time and without benefit of probation, parole or suspension of sentence.
Porter requests only a review of the record on appeal for errors patent. Freeman makes two assignments of error on appeal, both alleging that the trial court erred in imposing his sentence.

FACTS
On September 25, 1985, at approximately 9:30 p.m., Officers Kenneth Bibbins and John Joanos, working undercover, arranged to meet a confidential informant (CI) at the intersection of Galvez and Desire Streets. The CI and the officers, in plain clothes and an unmarked car, then proceeded to the 400 block of North Claiborne Avenue in an attempt to purchase contraband. Officer Bibbins and the CI were dropped off and Officer Joanos drove the police vehicle to a vantage point where he could observe Officer Bibbins.
Upon approaching the intersection of St. Ann Street and North Claiborne Avenue, the CI saw Porter, spoke with her for a few minutes, and introduced her to Officer Bibbins. Porter asked Officer Bibbins what he was looking for and Officer Bibbins replied that he would take anything. Thereafter, Porter walked approximately one-half block away to defendant, Freeman. They conversed briefly before Porter motioned for Officer Bibbins. As Officer Bibbins approached Freeman, he noticed Freeman holding a clear plastic bag containing a white powder. Officer Bibbins was informed that it would cost twenty-five dollars. Officer Bibbins negotiated a price of twenty-three dollars and the CI and Officer Bibbins then walked away and met Officer Joanos.
Officers Steven Imbragaglio and Jeffery Robertson were then dispatched to detain Porter and Freeman. While the defendants were being detained, Officer Bibbins passed in the unmarked car and confirmed by radio that the officers had stopped the correct suspects. Porter and Freeman were then placed under arrest.

FREEMAN'S ASSIGNMENTS OF ERROR
By his assignments of error defendant/appellant, Freeman, contends that the trial court erred in imposing the sentence. Specifically, he alleges that the sentence is ambiguous in that the trial court imposed only one sentence although defendant was convicted on two counts. Further, he states that the state improperly utilized each of the convictions in this case to find that he was a triple offender.
Freeman was convicted of distribution of cocaine (count one) and possession with intent to distribute cocaine (count two) and was sentenced to fifteen years at hard labor, without good time, and without benefit *114 of probation, parole, or suspension of sentence. The record is silent as to whether this sentence was for one count and, if so, which count, or whether it is for both counts and, if so, the amount of time to be assigned each count and whether the sentences are to be served concurrently.
Additionally, Freeman argues that the court improperly counted each conviction, even though both were entered on the same date, for purposes of adjudging Freeman to be a triple offender. We find this argument to be without merit.
R.S. 15:529.1 contains the guidelines for conviction and sentencing of "Habitual Offenders." Subsection (C) thereof provides as follows:
"This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods."
Thus, if a defendant is sought to be found a triple offender then no more than five years can have elapsed between the first and second felony convictions, and between the second and third convictions excluding time served, although more than five years may have elapsed between the first and third convictions. See State v. Mistretta, 490 So.2d 462 (La.App. 4th Cir.1986).
The record in this case indicates that Freeman was convicted of a Federal Felony in August 1976. He was again convicted, this time of a state felony, in September 1980 and sentenced to five years. Only one of the instant convictions may be considered for the purposes of R.S. 15:529.1. State v. Sherer, 411 So.2d 1050 (La.1982). These convictions were entered in February 1986. The record further reflects that Freeman pled guilty at the multiple bill hearing. Because the time between convictions is measured from the date of actual discharge from the sentence and not from the date of conviction, it is clear that less than five years elapsed between each of defendant's three convictions, including the instant conviction. Accordingly, while we find no error in the trial court adjudging Freeman a triple offender, the court must clarify the sentence as noted above because under State v. Sherer, supra, Freeman can only receive an enhanced sentence for one of the two convictions. For sentencing purposes the other conviction is considered a first offense.

ERRORS PATENT
We have also reviewed the record for errors patent. As to defendant Porter we find none. As to defendant Freeman, in addition to our discussion above, our review reveals that the judge, in imposing Freeman's sentence, specifically stated that same was to be without good time.
R.S. 15:571.3 provides in pertinent part:
"C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Corrections if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
(a) A violation of the Louisiana Controlled Dangerous Substances Law which is a felony;
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate's last conviction for the purposes of the Habitual Offender Law, was for a crime: ...
(b) committed on or after September 10, 1977."
Freeman's conviction clearly falls within the provisions of R.S. 15:571.3(C) et. seq. as stated above. Therefore, by operation of law he is not entitled to any good time. The court's statement in Freeman's sentence to the same effect may have been unnecessary; however, we find no reversible error in the court's doing so.
*115 Accordingly, the conviction and sentence of defendant Porter are affirmed. The conviction of defendant Freeman is affirmed. The case as to Freeman is remanded to the District Court for clarification of Freeman's sentence in accordance with this opinion.
CONVICTIONS AFFIRMED: SENTENCES AFFIRMED IN PART, REMANDED IN PART.