CRAIN, Judge.
Kevin Parker was charged in a single bill of information with five counts of armed robbery, in violation of La.R.S. 14:64. Two of the five counts were subsequently dismissed by the State. Following jury selection and introduction of evidence by the State, the defendant changed his mind, entered into a plea bargain agreement, and pled guilty as charged to the remaining three counts of armed robbery. In accordance with the plea bargain agreement, the defendant was subsequently adjudicated a second felony habitual offender, following his stipulation to the habitual offender bill filed by the State. He received three concurrent sentences of thirty-three years at hard labor, without benefit of parole, probation, or suspension of sentence.
The defendant’s first appeal was decided by this Court in an unpublished opinion. State v. Parker, No. KA 87 0826-7, December 22, 1987. In that opinion, this Court did not consider the defendant’s assignments of error relating to his motions to suppress, because he had not specifically reserved his right to obtain appellate review of these motions to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). This Court also noted patent sentencing error, in that all three of the defendant’s convictions, which were entered on the same date, were enhanced under the Habitual Offender Statute. See State v. Sherer, 411 So.2d 1050, 1057 (La.1982); State v. Singleton, 444 So.2d 343, 345 (La.App. 1st Cir.1983).
After this matter was remanded to the trial court, the defendant filed a motion to withdraw his guilty pleas, on the basis that he had been denied review of the trial court’s denial of his motions to suppress. The trial court denied the motion to withdraw the guilty pleas. However, in an attempt to facilitate appellate review of the motion to suppress issues, the trial court granted an out-of-time appeal and specifically stated that the defendant reserved the right to appellate review of the motion to suppress issues. Subsequently, the defendant was again adjudicated a second felony habitual offender; and the trial court imposed a single sentence of thirty-three years at hard labor, without benefit of parole, probation, or suspension of sentence.
The defendant has again appealed, alleging two assignments of error, as follows:
1. The trial court erred in denying the defendant’s motion to suppress physical evidence.
2. The trial court erred in denying the defendant’s motion to suppress a confession.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:
Again, this Court will not consider assignments of error numbers one and two. The defendant failed to specifically reserve his right to obtain appellate review of the trial court’s rulings on the motions to suppress at the time he entered the instant guilty pleas. See State v. Crosby, 338 So.2d 584 (La.1976). The trial court’s attempt to remedy this situation by granting an out-of-time appeal and stating that the defendant specifically reserved the right to appeal the motion to suppress rulings was procedurally incorrect and does not alter the fact that a proper Crosby reservation was not entered.
PATENT SENTENCING ERROR
In an attempt to comply with this Court’s instructions, the trial court imposed *773 a single sentence of thirty-three years at hard labor, without benefit of parole, probation, or suspension of sentence. This sentence was imposed after the defendant was again adjudicated a second felony habitual offender. However, the trial court failed to impose any sentence for the two remaining convictions. Moreover, the habitual offender bill of information did not indicate which of these three convictions was being enhanced pursuant to La.R.S. 15:529.1.
DECREE
For the foregoing reasons, the defendant’s convictions are affirmed, the habitual offender adjudication and sentence are vacated, and this case is again remanded to the trial court with the following instructions. As noted above, the defendant’s motions to suppress can be reviewed on appeal only if properly preserved when pleading guilty, pursuant to State v. Crosby. Should the trial court grant a new motion to withdraw the defendant’s guilty pleas, and should the defendant decide to plead guilty again, the defendant could then timely reserve his right to appeal the trial court’s denial of his motions to suppress.[1]
If the defendant is again adjudicated a second felony habitual offender, the habitual offender bill of information must specifically state which conviction is being enhanced and the trial court should impose a separate sentence for each conviction.
CONVICTIONS AFFIRMED. THE HABITUAL OFFENDER ADJUDICATION AND SENTENCE ARE VACATED AND THE MATTER REMANDED WITH INSTRUCTIONS.

. We express no opinion on the merits of granting or denying a motion to withdraw a guilty plea solely because a defendant failed to reserve the right to appellate review of a specific issue pursuant to State v. Crosby. However, should the defendant allege that his guilty plea was involuntary because he believed that a Crosby reservation was entered as part of the guilty plea, when in fact no such reservation was made, such an allegation, if proved, would provide grounds for the withdrawal of the guilty plea. See State v. Carey, 499 So.2d 283, 285 (La.App. 1st Cir.1986).