ORDER
WRIT GRANTED AND MADE PEREMPTORY: The sentencing record does not clearly show that relator received a sentence on each count to which he pled nor does it reflect the court’s intent concerning concurrent service of sentences. A determinate sentence should have been clearly pronounced on each count of which relator was convicted. See State v. Volentine, 565 So.2d 511 (La.App. 2 Cir.1990) and La.C.Cr.P. arts. 871, 879.
Furthermore, ten years exceeds the maximum sentence statutorily provided on the two counts of possession of pentazo-cine. La.R.S. 40:967(C). We also recognize an illegally lenient sentence was imposed on the eight counts of distribution of pentazocine in as much as the statute prohibits a probated sentence. However, as the error is favorable to relator, and the sentence has been vacated, this issue is moot. State v. Loya, 527 So.2d 514 (La.App. 3 Cir.1988).
Accordingly, we recognize as error patent the failure of the sentencing court to give a determinate sentence on each count of which relator was sentenced and, therefore, vacate the sentence and remand the matter for resentencing in accordance with law. As relator’s sentence is vacated, we do not reach the issue of whether relator’s probation was properly revoked as that issue has been rendered moot.
/s/J.B.F. /s/H.L.Y. /s/J.T.K.
J.B.F. H.L.Y. J.T.K.