593 So.2d 414 (1991)
STATE of Louisiana
v.
Kevin PARKER.
No. 90 KA 1835/36.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Bryan Bush, Dist. Atty., Office of District Atty., Baton Rouge, by Charles Grey, Asst. Dist. Atty., for plaintiff/appellee.
Office of Public Defender, Baton Rouge, for defendant/appellant.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
*415 SAVOIE, Judge.
Kevin Parker was charged in a single bill of information with five counts of armed robbery, in violation of LSA-R.S. 14:64. Two of the five counts (Counts 1 and 4) were subsequently dismissed by the State. Following jury selection and introduction of evidence by the State, the defendant changed his mind, entered into a plea bargain agreement, and pled guilty as charged to the remaining three counts of armed robbery. In accordance with the plea bargain agreement, the defendant was subsequently adjudicated a second felony habitual offender, following his stipulation to the habitual offender bill filed by the State. He received three concurrent sentences of thirty-three years at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served.
The defendant's first appeal was decided by this Court in an unpublished opinion. State v. Parker, No. KA 87 0826-7, December 22, 1987. In that opinion, this Court did not consider the defendant's assignments of error relating to his motions to suppress, because he had not specifically reserved his right to obtain appellate review of these motions to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). This Court also noted patent sentencing error, in that all three of the defendant's convictions, which were entered on the same date, were enhanced under the Habitual Offender Statute. See State v. Sherer, 411 So.2d 1050, 1057 (La.1982);[1]State v. Singleton, 444 So.2d 343, 345 (La.App. 1st Cir.1983).
After this matter was remanded to the trial court, the defendant filed a motion to withdraw his guilty pleas, on the basis that he had been denied review of the trial court's denial of his motions to suppress. The trial court denied the motion to withdraw the guilty pleas. However, in an attempt to facilitate appellate review of the motion to suppress issues, the trial court granted an out-of-time appeal and specifically stated that the defendant reserved the right to appellate review of the motion to suppress issues. Subsequently, the defendant was again adjudicated a second felony habitual offender; and the trial court imposed a single sentence of thirty-three years at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served.
In the defendant's second appeal, State v. Parker, 552 So.2d 771 (La.App. 1st Cir. 1989), this Court again refused to consider the defendant's assignments of error relating to the trial court's rulings on the motions to suppress, noting that the defendant had not reserved his right to appellate review of the rulings pursuant to State v. Crosby and further noting that the trial court's attempt to remedy the situation was procedurally incorrect. In that opinion, this Court vacated the habitual offender adjudication because it did not specifically indicate which one of the defendant's three armed robbery convictions was being enhanced pursuant to LSA-R.S. 15:529.1. We also noted that the trial court had imposed only one sentence for the three armed robbery convictions. We remanded the case to the trial court with specific instructions to the State and the trial court which, unfortunately, were not followed.
The State filed an habitual offender bill of information indicating that the armed robbery conviction being enhanced pursuant to LSA-R.S. 15:529.1 was Count 1 of bill of information number 12-86-2. Subsequently, the defendant was again adjudicated a second felony habitual offender. Thereafter, the trial court "reimpose[d] the same sentence previously imposed herein," i.e., a single sentence of thirty-three years at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served.
The defendant has appealed for the third time, alleging two assignments of error, as follows:
1. The trial court erred in adjudicating the defendant a second felony habitual offender.
2. The trial court erred in imposing an excessive sentence and in failing to comply *416 with the sentencing guidelines of La. C.Cr.P. art. 894.1.
Assignment of error number one was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.
ASSIGNMENT OF ERROR NUMBER TWO:
Again, this Court will not address the defendant's assignment of error. Both the State and the defendant, in their briefs to this Court, note that the trial court again imposed only a single sentence for the defendant's three armed robbery convictions. It is well settled that a defendant can appeal from a final judgment of conviction only where sentence has been imposed. La.C.Cr.P. art. 912 C(1); State v. Chapman, 471 So.2d 716 (La.1985). The trial court must impose a separate sentence for each separate count for which the defendant was convicted. Hence, in the absence of valid sentences, the defendant's appeal is not properly before this Court. State v. Russland Enterprises, Inc., 542 So.2d 154 (La.App. 1st Cir.1989).
We note a second patent error. In our previous opinions, we stated that only one of the defendant's three armed robbery convictions could be enhanced and that the habitual offender bill of information should clearly indicate which one of the three convictions was being so enhanced. In another attempt to comply with this Court's instructions relating to the habitual offender enhancement proceedings, the State filed an amended habitual offender bill of information indicating that Count 1 of bill of information number 12-86-2 was being enhanced pursuant to LSA-R.S. 15:529.1. However, Counts 1 and 4 of bill of information number 12-86-2 were dismissed. The defendant was convicted of the remaining three counts in the bill (Counts 2, 3, and 5). The bill of information reflects no amendment of the numbers of the remaining counts. Therefore, the defendant's adjudication as a second felony habitual offender, which was based upon a count dismissed from the bill of information, is invalid.
DECREE
Accordingly, the defendant's convictions are affirmed, the habitual offender adjudication and sentence are again vacated; and this case is remanded (for the third time) to the trial court with the following instructions. If the State again elects to institute habitual offender proceedings, only one of the defendant's three armed robbery convictions may be so enhanced. The habitual offender bill of information must specifically indicate which of the three convictions is being enhanced. To do so, the State may wish to refer to the particular count and victim of the armed robbery conviction being so enhanced. Furthermore, the trial court shall impose three separate sentences, one for each of the defendant's three armed robbery convictions, whether or not one of these convictions is enhanced pursuant to LSA-R.S. 15:529.1. Considering the fact that this is the third time this matter is before us, the trial court and the State are encouraged to read this entire opinion and to fully comply with the instructions contained herein.
CONVICTIONS AFFIRMED. HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED. REMANDED WITH INSTRUCTIONS.
NOTES
[1] We acknowledge the supreme court's modification of the Sherer rule in Porter v. Butler, 573 So.2d 1106 (La.1991), but find the modification inapplicable both temporally and factually.