664 So.2d 624 (1995)
STATE of Louisiana, Appellee,
v.
James Harvey WEBSTER, Defendant-Appellant.
No. 95-605.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*626 Charles F. Wagner, Dist. Atty., John Dexter Ryland, Alexandria, for State of Louisiana.
Katharine Geary, Alexandria, for James Harvey Webster.
Before DOUCET, C.J., and AMY and SULLIVAN, JJ.
DOUCET, Chief Judge.
Defendant, James Harvey Webster, was charged by bill of information with eight counts of armed robbery, violations of La. R.S. 14:64. The first four counts (numbers 1-4 in the bill of information filed December 18, 1990) involved incidents which took place on August 9, 1990, while the last four counts (numbers 5-8 of that same bill) involved the robbery of a bank which took place on October 23, 1990. On January 11, 1991, defendant appeared in court with counsel, waived formal arraignment, and entered a plea of not guilty to each count. Trial by jury began on the last four counts on July 9, 1991. The defendant was found guilty as charged on all four counts that same afternoon. Thereafter, on July 25, 1991, a habitual offender bill was filed by the state. Defendant appeared in court with counsel on August 5, 1991, for the habitual offender hearing. The court determined the defendant to be a third felony offender and, in accordance with La. R.S. 15:529.1, sentenced the defendant to seventy-five (75) years at hard labor without benefit of probation, parole or suspension of sentence. On August 9, 1991, defendant's trial counsel made an oral motion for appeal, which motion was granted. No appeal was subsequently perfected by defendant's trial counsel. On August 16, 1991, the state nolle prosequied the remaining counts (numbers 1-4) contained in the defendant's bill of information. Defendant was granted an out of time appeal on August 11, 1994. On September 9, 1994, a different attorney was appointed by the trial court to perfect defendant's out of time appeal. Counsel requested review for errors patent on the face of the record pursuant to La.Code Crim.P. art. 920 and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel then filed a Motion to Withdraw. Defendant thereafter filed a pro se brief with this court *627 alleging four assignments of error. This court in State v. Webster, 94-1269 (La.App. 3 Cir. 4/19/95), 657 So.2d 101, following the reasons assigned in State v. Mouton, 94-1074 (La.App. 3 Cir. 4/12/95), 653 So.2d 1360, denied counsel's Motion to Withdraw and ordered the Anders brief filed with this court to be rejected and stricken. Defendant's pro se brief was likewise ordered stricken and the permission previously granted the defendant to proceed pro se was revoked. Defendant's pro se brief was forwarded to defendant's appellate counsel for consideration and the filing of assignments of error with the trial court.
As per this court's order, appellate counsel has filed a brief with this court alleging four assignments of error. We note that defense counsel's brief was filed with this court before the Louisiana Supreme Court in State v. Mouton, 95-981 (La. 4/28/95), 653 So.2d 1176, reversed this court's earlier decision in State v. Mouton, 94-1074 (La.App. 3 Cir. 4/12/95), 653 So.2d 1360.
As defense counsel has not sought to withdraw her appellate brief, we will address this case as a regular appeal and not an Anders appeal.

FACTS:
On October 23, 1990, the defendant walked into the Jackson Street Extension of Rapides Bank. The defendant wore a blonde wig, sunglasses, work gloves and work boots. The defendant proceeded to jump over the first teller's counter, wave a pistol in the air, and announce that a robbery was in progress. The defendant went to four tellers and took money from each's cash box. After emptying the money into a red duffel bag, the defendant exited the bank and fled on a bicycle. The defendant was apprehended at an Exxon station across the street from the bank.

ASSIGNMENT OF ERROR NO. 1:
By this assignment of error, the defendant contends the trial court erred in failing to advise him of his rights under La.R.S. 15:529.1(D)(1) which states:
(a) If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided by Subparagraph (b). The judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies,... as set forth in the information.
(b) Except as otherwise provided in this Subparagraph, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of Louisiana or the Constitution of the United States of America shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
*628 Defendant argues that neither his trial attorney nor the trial judge informed him of these rights or of the fact that he could challenge the validity of his prior convictions during the hearing. Consequently, defendant contends he was denied his right to present a defense as he did not knowingly and intelligently waive his rights when pleading guilty to the prior offenses which were used to enhance his present convictions.
The transcript of the habitual offender hearing reveals that defendant's trial counsel waived formal reading of the habitual offender bill and entered a plea of not guilty on behalf of the defendant. The record does not reflect that the defendant was advised of his right to remain silent and have the state prove its case. La.R.S. 15:529.1(D)(1). However, as the defendant did exercise his right to remain silent by not testifying, and the state put on competent evidence to make its case, any error did not affect substantial rights of the defendant and thus is insufficient to warrant a reversal. La.Code Crim.P. art. 921; State v. Miles, 613 So.2d 1047 (La.App. 3 Cir.1993). We find the state sufficiently proved that the defendant was the same James Webster convicted of two prior felonies and the court did not err in failing to inform the defendant of his right to a hearing and his right to have the state prove his status as a habitual offender. As stated by our brethren in the fourth circuit in State v. Breaux, 599 So.2d 917, 919 (La.App. 4 Cir.) writ denied, 609 So.2d 223 (La.1992):
When the record clearly indicates that a hearing was conducted where counsel vigorously represented appellant, then counsel has the right to choose how best to defend against the charges, not this Court. In this case the defendant had a hearing, the state proved he was a multiple offender, and it would be foolish to now say the trial court erred by not advising defendant of his right to a hearing and the right to make the state prove his status.
For the foregoing reasons, we find this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2:
By this assignment of error, the defendant contends the trial court erred in adjudging the defendant to be a third felony offender when more than five years had elapsed between defendant's discharge on his first conviction and the commission of his present offenses.
The state introduced evidence establishing that on October 29, 1980, defendant pled guilty to theft of property valued at more than one hundred dollars but less than five hundred dollars, a violation of La.R.S. 14:67. As a result of that plea, the defendant was sentenced to two years at hard labor on March 30, 1981. The state also established that subsequently, on August 8, 1985, the defendant pled guilty to one count of falsifying public records, a violation of La.R.S. 14:133 and was sentenced to four years at hard labor on September 27, 1985, as a consequence thereof. Thereafter, on July 9, 1991, the defendant was found guilty of four counts of armed robbery. On August 5, 1991, the defendant was sentenced as a third felony offender to seventy-five years at hard labor without benefits.
The defendant argues the trial court erred as the five year cleansing period under La. R.S. 15:529.1(C) had lapsed between his discharge on July 13, 1982, for the first offense and the commission of his instant offense on October 23, 1990.
La.R.S. 15:529.1(C) contains a five-year cleansing period which provides as follows:
C. This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods.
In State v. Gaines, 93-1554, pp. 4-6 (La. App. 1 Cir. 6/24/94), 639 So.2d 458, 460, 461, writ denied, 94-1921 (La. 11/4/94), 644 So.2d 1058, the first circuit addressed at length the five year cleansing period provided for in La.R.S. 15:529.1. The first circuit, with whom we agree, stated the following:

*629 ... Relying on State v. Williams, 609 So.2d 993 (La.App. 5th Cir.1992), writ denied, 613 So.2d 992 (La.1993), defendant argues that the state cannot `piggyback' felony convictions in order to avoid the five-year cleansing period. In State v. Williams, 609 So.2d at 995, n. 1, our brethren of the Fifth Circuit stated that `La.R.S. 15:529.1(C) prohibits the use of a conviction where more than five years have elapsed between the expiration of the maximum sentence on the prior conviction and the commission of the present offense.' When read in connection with facts discussed in the court's earlier opinion in the same case, State v. Williams, 580 So.2d 448 (La.App. 5th Cir.1991), the Fifth Circuit appears to hold that, in order to use the predicate offense for enhancement, the expiration of the maximum sentence of each of the predicate felony convictions must be within five years prior to commission of the instant offense which is being enhanced. (The Williams court did not discuss the possibility that time spent in custody as a result of subsequent convictions should be excluded from that five-year time period.) The court in Williams, 609 So.2d at 995, n. 1, cited State v. Montana, 332 So.2d 248 (La.1976) as its authority. In Montana, the supreme court implied that, if the expiration of the maximum sentence for any of the prior convictions has elapsed more than five years prior to the instant offense, then the prior conviction cannot be used to enhance the instant sentence. State v. Montana, 332 So.2d at 250. See also State v. Lambert, 475 So.2d 791, 797 (La.App. 3rd Cir.1985), writ denied, 481 So.2d 1345 (La.1986).
While we recognize that some of the language in Montana offers support for the Fifth Circuit's interpretation of Subsection C, we note that the main issue in Montana was the sufficiency of the state's proof that the defendant was the same person who previously had been convicted. The issue before the court was not about the application of the five-year cleansing period. In State v. Broussard, 213 La. 338, 34 So.2d 883 (1948), the supreme court construed Acts 1942, No. 45, Sec. 2 (consisting of the same language now contained in the first sentence of LSA-R.S. 15:529.1(C) to mean `that the statute shall not be applicable where a period of five years has intervened between the date of the commission of the current or latest felony and the expiration of the sentence imposed for the next previous felony conviction.' State v. Broussard, 34 So.2d at 885. The defendant in Broussard had been found to be a fourth felony offender. Although the fourth felony offense occurred more than five years after the expiration of the maximum sentence imposed on the first felony conviction, the court affirmed the defendant's adjudication as a fourth felony offender.
Consistent with the position taken by the supreme court in Broussard, in State v. Porter, 533 So.2d 112 (La.App. 4th Cir. 1988), our brethren of the Fourth Circuit stated:
[I]f a defendant is sought to be found a triple offender then no more than five years can have elapsed between the first and second felony convictions, and between the second and third convictions excluding time served, although more than five years may have elapsed between the first and third convictions.
State v. Porter, 533 So.2d at 114 (citing State v. Mistretta, 490 So.2d 462, 464-65 (La.App. 4th Cir.1986)). See also State v. Roquemore, 574 So.2d 473, 477 (La.App. 2nd Cir.), writ granted in part on other grounds, 580 So.2d 912 (La.1991) (court of appeal affirmed the defendant's adjudication as a fourth felony habitual offender despite the fact that more than five years had elapsed between the defendant's release on the first and second felony convictions and the commission of the most recent felony).
In the instant case, although defendant's discharge on the first felony conviction occurred more than five years before his commission of the instant armed robbery conviction, because his commission of the second felony was within five years of his discharge on the first conviction and his commission of the instant felony was within five years of his discharge on the second felony, the five-year cleansing period of *630 Subsection C does not preclude defendant's adjudication as a third felony offender. See State v. Richardson, [91-2339 (La.App. 1st Cir. 5/20/94)], 637 So.2d 709. We believe that the decisions of the Third and Fourth Circuits are correct interpretations of LSA-R.S. 15.529.1 C. In so ruling, we decline to follow the decision of the Fifth Circuit in Williams.

This court in State v. Sanders, 542 So.2d 1134 (La.App. 3 Cir.1989), held that if less than five years have lapsed between defendant's conviction on a prior felony and his commission of the present felony, the state does not need to prove the date of the discharge on the prior felony conviction in the habitual offender proceeding. Defendant in the case sub judice contends that since the sentence on the first predicate felony conviction expired more than five years before the instant offenses, the court erred in relying on the offense to adjudicate the defendant a third felony offender. Although the defendant was discharged from the first felony conviction more than five years before the present offenses, his commission of a second felony was within five years of his discharge on the first felony conviction and his commission of the instant felonies was within five years of his discharge on the second felony conviction. Accordingly, we find the five year cleansing period of La.R.S. 15:529.1(C) does not preclude the trial court from adjudicating the defendant as a third felony offender. In our opinion the drafters of La.R.S. 15:529.1 intended for the five year cleansing period to apply only to a defendant who is able to live five years without being convicted of a felony. See Bennett, The Work of the Louisiana Supreme Court for the 1947-1948 TermCriminal Law and Procedure, 9 La. L.Rev. 247, 271-72 (1949); Wilson, The Louisiana Criminal CodeMaking the Punishment Fit the Criminal, 5 La.L.Rev. 53, 61-62 (1942). See also State v. Anderson, 349 So.2d 311 (La.1977). The Louisiana Supreme Court has interpreted La.R.S. 15:529.1(C) in State ex. rel. Wilson v. Maggio, 422 So.2d 1121, 1123 (La.1982), wherein the Court stated:
... in order to use a prior felony offense to support a multiple offender adjudication there must not have intervened, before commission of another felony, a five year "cleansing" period, that is, five years between the end of the previous sentence and the commission of another felony. (Emphasis added.)
For the foregoing reasons, we find the trial court was correct in relying on defendant's theft conviction to adjudicate the defendant as a third felony offender. Accordingly, this assignment of error lacks merit.

ASSIGNMENTS OF ERRORS NOS. 3 AND 4:
By these assignments of error, the defendant contends the trial court erred in failing to specify which of the four convictions was being enhanced at sentencing and in failing to sentence him on the additional three counts within a reasonable amount of time.
The defendant notes that the trial court did not specify which armed robbery conviction was being enhanced. Nor did the court sentence the defendant on the remaining three convictions. The defendant further contends the trial court should be divested of jurisdiction on the three remaining counts as he will not be sentenced on them within a reasonable amount of time.
We agree, that the trial court erred in that the record does not reveal which of defendant's four armed robbery convictions was being enhanced. Additionally, the trial court should have imposed a separate sentence on each of the three remaining convictions. Therefore, defendant's sentence is indeterminate as he was convicted of four counts of armed robbery and only a single sentence was imposed. See State v. Bessonette, 574 So.2d 1305 (La.App. 3 Cir.1991); La.Code Crim.P. art. 879. Accordingly, defendant's sentence will be vacated and the case remanded to the trial court for clarification as to which count is being enhanced and for imposition of separate sentences on the remaining three counts. See State v. Parker, 593 So.2d 414 (La.App. 1 Cir.1991).
We find the trial court will still have jurisdiction as the defendant was sentenced within a reasonable amount of time, albeit incorrectly. La.Code Crim.P. art. 874.
*631 As defendant was sentenced on August 5, 1991, his sentence is indeterminate. La. Code Crim.P. art. 879. Defendant bases his whole argument on the proposition that "... the trial judge chose not to sentence Webster on the three remaining convictions ...".
We are aware of our decision in State v. Milson, 458 So.2d 1037 (La.App. 3 Cir.1984), where this court held that the trial court erred in overruling defendant's motion to quash sentence as the trial court was without good cause in sentencing the defendant approximately four and one-half years after conviction. Consequently, this court reversed the ruling of the trial court and divested the trial court of jurisdiction to sentence the defendant, thereby vacating defendant's sentence and allowing his discharge. However, we find this case distinguishable from Milson. In Milson, the court failed to sentence the defendant. In the case sub judice, the defendant was sentenced, albeit illegally (as per art. 879), and as provided by La.Code Crim.P. art. 882, said sentence may be corrected at any time. Accordingly, the trial court is not divested of jurisdiction.
For the foregoing reasons, this assignment of error also lacks merit.

ERRORS PATENT:
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.
In accordance with this article, all appeals are reviewed for errors patent on the face of the record.
La.Code Crim.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time actually spent in custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, we amend the sentence to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.Code Crim.P. art. 882(A). Inasmuch as the defendant is to be resentenced due to other errors, the trial court is instructed to give the defendant credit for time served at his resentencing.
La.Code Crim.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La. Code Crim.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.Code Crim.P. art. 914 or 922, so prescription is not yet running. Accordingly, the trial court is also directed to inform the defendant of the provisions of Article 930.8 at resentencing. The defendant was originally sentenced on August 5, 1991. However, since defendant timely moved for an appeal, although the appeal was not perfected until three years later when he was granted an out of time appeal, the judgment had not become final as the requisites of La.Code Crim.P. art. 914 were met in 1991. Thus, the defendant is still entitled to file an application for post-conviction relief within three years of the finality of this appeal.
We also note there is some confusion over which numbered counts the state prosecuted defendant and which counts were dismissed. The minutes incorrectly reflect that the defendant was convicted of three counts of armed robbery. However, the transcript correctly reveals the defendant was convicted of four counts. It is well established that where there is a conflict between the minutes and the transcript, the transcript shall prevail. State v. Edwards, 626 So.2d 501 (La.App. 3 Cir.1993), writ denied, 93-3125 (La. 2/03/95), 649 So.2d 400. We also note that the state nolle prosequied counts one through four of the bill of information, yet the defendant was tried on, what the clerk who read the bill referred to as, counts one through four. The minutes correctly reveal that the defendant appeared in court for jury trial on the "last four (4) counts" i.e. counts five through eight. A *632 review of the written bill of information and the transcript of the reading of the bill of information at trial reveals that the defendant was tried on the four counts of armed robbery committed on October 23, 1990.
Although termed counts one through four by the clerk, the counts actually read to the jury refer to counts five through eight in the bill of information filed on December 18, 1990. We find counts five, six, seven and eight of the bill of information were referred to at trial as counts one through four respectively in order to avoid confusion and not make reference to other crimes. Since the jury returned verdicts consistent with what was read to them (counts five through eight of the bill filed December 18, 1990), it is obvious their verdicts were for the offenses committed on October 23, 1990, against James Bruce, Lynda McCarty, Gloria Akins and Olivia Chambley. Thus, even if one considers the confusion in renumbering the counts in the bill read to the jury an error, it was harmless as the defendant was properly tried and convicted of those counts pertaining to the armed robberies committed by the defendant on October 23, 1990.

CONCLUSION:
Accordingly, we affirm the defendant's convictions and vacate defendant's sentence. The case is remanded to the trial court for resentencing and clarification as to which count of armed robbery is being enhanced under La.R.S. 15:529.1. The trial court is also ordered to impose separate sentences on each of the four counts on which the defendant was convicted. See State v. Parker, 593 So.2d 414 (La.App. 4 Cir.1991). Further, the trial court is ordered to inform the defendant of the prescriptive period for post-conviction relief and to give the defendant credit for time served.
CONVICTIONS AFFIRMED; SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.