NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-838

STATE OF LOUISIANA

VERSUS

DELTA WAYNE WHITE

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 46045
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Chris J. Roy, Sr.,[1] Judges.

MOTION TO WITHDRAW DENIED;
CASE REMANDED FOR SENTENCING.

Hon. William E. Tilley
District Attorney - 30th JDC
P.O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
Counsel for Plaintiff/Appellee:
    State of Louisiana

---

[1]Judge Chris J. Roy, Sr. appointed judge pro tempore of the Court of Appeal, Third Circuit.

**G. Paul Marx**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
**Delta Wayne White**

**Delta Wayne White**
**AVC - Caj-2-B1**
**1630 Prison Road**
**Cottonport,, La 71327**
**In Proper Person**
**Delta Wayne White**

**PICKETT, Judge.**

The defendant, Delta White, was convicted by a jury, in district court docket number 45,149, on February 12, 1991, of committing the following offenses in October 1990: (1) count 1- conspiracy to distribute cocaine; (2) count 2- distribution of cocaine; (3) count 3- conspiracy to distribute cocaine; and (4) count 4- attempted distribution of cocaine. He was sentenced on June 5, 1991, as follows: (1) count 1- five years at hard labor, to run concurrently with count 2; (2) count 2- twenty years at hard labor, the last eight years suspended, and the defendant was to be placed on five years of supervised probation with certain conditions; and (3) counts 3 and 4- five years at hard labor on each count, suspended, and the defendant was placed on five years of supervised probation with the sentences to run consecutively to counts one and two.

The defendant appealed, and this court affirmed his convictions and sentences. *State v. White*, an unpublished opinion bearing docket number 91-763 (La.App. 3 Cir. 4/16/92).

On September 16, 1991, the state filed an habitual offender bill seeking to enhance all four of the sentences, asserting that the defendant was a fourth felony offender.[2] After conducting a hearing on the habitual offender bill, the trial court, in written reasons issued on September 11, 1992, found the defendant to be an habitual offender.

On December 17, 1992, a sentencing hearing was held at which the trial court vacated the sentences imposed on June 5, 1991, and imposed a single sentence of thirty years at hard labor without the benefit of probation, parole, or suspension of sentence. Another sentencing hearing was held on November 8, 1996, at which the

---

[2]The habitual offender bill was filed under district court docket number 46045.

1

trial court amended the defendant's thirty-year sentence by deleting the provision that the sentence be served without benefit of parole.

The defendant appealed and this court, in *State v. White*, an unpublished opinion bearing docket number 97-88 (La.App. 3 Cir. 6/18/97), affirmed the defendant's adjudication as an habitual offender. However, this court found the defendant's sentence was indeterminate explaining, in pertinent part:

> [T]he sentence imposed in the present case is indeterminate since defendant was convicted of four separate counts but only one sentence was imposed. However, the habitual offender bill indicates the state was seeking enhancement on each count. Enhancement on each separate count is appropriate if the counts are the result of separate felonies. Enhancement would not be appropriate if the counts were the result of felonies arising out of the same criminal episode. *State ex rel. Porter v. Butler*, 573 So.2d 1106, 1109 (La.1991). The record in the present case does not indicate whether the counts arose out of the same or separate criminal episodes. Therefore, defendant's sentence is vacated and the case is remanded for a determination as to whether enhancement is appropriate for each count separately or only for one count.

### DECREE

> Defendant's adjudication as a habitual offender is affirmed. However, the sentence imposed is indeterminate. Therefore, the present sentence is vacated, and the case remanded for a determination as to whether enhancement is appropriate on each separate count or for one count only.

*Id.*

On August 21, 1997, the trial court resentenced the defendant as follows:

> The sentence of the court is that this defendant serve thirty years at hard labor with the Louisiana Department of Corrections on Count two and serve thirty years with the Louisiana Department of Corrections on Count four to run concurrent with the sentence in Count two. Counts one and two occurred in the same transaction therefore no sentence is imposed in Count one. Count three and four occurred as a result of the same transaction therefore no sentence is imposed on Count three. I will give the defendant credit for whatever time he may be entitled to toward this sentence.

The defendant appealed. In the opinion, this court noted that the defendant was resentenced to thirty years at hard labor on counts two and four, but no sentences were imposed on the other counts. This court held in pertinent part:

> Finding no legal error in the lower court's sentencing Appellant to thirty years at hard labor, we affirm. However, the matter is remanded for further proceedings in accordance with this opinion.

*State v. White*, an unpublished opinion bearing docket number 97-1505 (La.App. 3 Cir. 5/13/98).

On September 23, 2003, the defendant filed in the trial court a Motion to Correct Illegal Sentence, asserting the trial court failed to impose sentences on counts one and three. The trial court denied the motion. The defendant sought a writ of review by this court, and this court held, in pertinent part:

> **WRIT GRANTED IN PART AND MADE PEREMPTORY AND WRIT DENIED IN PART:** The trial court failed to impose sentences on counts one and three, which involve Relator's convictions for conspiracy to distribute cocaine. Accordingly, we grant this part of Relator's writ application and remand this case to the trial court for imposition of sentences on counts one and three. *See State v. Davis,* 581 So.2d 1013 (La.App. 3 Cir. 1991) and *State v. Webster*, 95-605 (La.App. 3 Cir. 11/2/95), 664 So.2d 624.

*State v. White*, an unpublished writ bearing docket number 03-1513 (La.App. 3 Cir. 12/12/03).

On March 16, 2004, the trial court resentenced the defendant on counts one and three to five years at hard labor on each count to run concurrently to each other and to any other sentence he was serving.

Thereafter, the defendant filed a motion in the trial court complaining his sentences were illegal because he was not represented by counsel at the resentencing hearing. The trial court denied the motion as untimely. The defendant sought writ of review by this court, and this court held, in pertinent part:

**WRIT GRANTED AND MADE PEREMPTORY:** The transcript of the sentencing proceeding held on March 16, 2004, reflects Relator was not represented by counsel, and he did not knowingly and intelligently waive his right to counsel at this proceeding. . . . Accordingly, this matter is remanded to the trial court for resentencing, and the trial court is ordered to appoint counsel to represent Relator at this proceeding, if he is indigent, and if he does not waive the assistance of counsel.

*State v. White*, an unpublished writ bearing docket number 07-1178 (La.App. 3 Cir. 11/6/07).

On February 19, 2008, the trial court held a resentencing hearing at which the defendant was represented by counsel. At this proceeding, the trial court explained, in pertinent part:

[T]he Court is going to state that this defendant is only under one sentence at this time and that is the habitual offender sentence rendered under 46,045 with credit for time served since the date of his arrest on those charges which were vacated under Bill of Information 45,149. In case - - so, I want to make that clear that this defendant has one sentence that he is serving, but I also wanted to clarify when his time started serving that sentence because I've had so much trouble out of DOC - - not really DOC, but defendants complaining about the way DOC interprets their time. So, I want to be clear on that. Now, the Court also will, although it is a redundant order, will order that the sentences in Bill of Information 45,149 be and hereby - - are hereby vacated if they have not been done so previously or interpreted not to be done.

On March 6, 2008, the defendant filed a pro se "Motion to Reconsider Sentence" simply requesting that the trial court reconsider his sentence; the defendant set forth no specific grounds. On March 7, 2008, the trial court denied the motion without conducting a hearing.

On April 24, 2008, the defendant filed a "Motion for Appeal and Designation of Record," which the trial court granted on May 6, 2008.

Appointed appellate counsel has filed an *Anders* brief in this matter. Additionally, the defendant filed a pro se brief asserting the following assignments of error:

4

1.  Whether, having never been finally sentenced to any legal term since conviction in 1992, the district court was divest[ed] of jurisdiction to re-sentence defendant?

2.  Whether the trial court was legally required to take judicial notice of the appellant's post conviction conduct in imposing the sentence on February 19, 2008?

3.  Whether the thirty (30) year sentence imposed on February 19, 2008 is excessive in light of the facts presented?

Having reviewed the record, we find there is an error patent regarding the sentence requiring this matter to be remanded to the trial court for resentencing. Additionally, we will address the defendant's pro se assignments of error.

## FACTS

The underlying facts of this case are not in the current record. However, they are irrelevant because this appeal focuses on sentencing issues.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent.

In this case, the defendant was convicted of four separate offenses. As noted above, on August 21, 1997, the trial court imposed thirty-year habitual offender sentences on two of the counts, counts two and four. This court affirmed those sentences, and they became final in 1998. *See* La.Code Crim.P. arts. 914 and 922 and *White*, 97-1505. Thus, the trial court erred in resentencing the defendant on February 19, 2008, to a single thirty-year enhanced sentence, as the two thirty-year enhanced sentences were already final.

5

Additionally, the trial court erred in failing to impose non-enhanced sentences on counts one and three. *A separate sentence must be imposed on each conviction. See White*, 97-88 and *Webster*, 664 So.2d 624. Consequently, this matter is remanded to the trial court for imposition of non-enhanced sentences on counts one and three, both involving conspiracy to distribute cocaine, in accordance with the language of La.R.S. 40:967 and 40:979 that was in effect at the time of the commission of the offenses.

## ANALYSIS

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the defendant's appellate counsel filed a brief stating, "After a conscientious and thorough review of the trial court record, appellate counsel can find no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports the appeal."

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. The defendant was properly charged in the habitual offender bill, and he was present and represented by counsel at all crucial stages of the habitual offender and resentencing proceedings. The sentence imposed was, however, illegal, as we have found in our error patent review. We find, therefore, that since the defendant must be resentenced and must be represented by counsel at resentencing, it is inappropriate to allow counsel to withdraw.

Having reviewed counsel's brief and finding no other non-frivolous issues which support an appeal, we will proceed to the defendant's pro se assignments of error.

## PRO SE ASSIGNMENT OF ERROR NO. 1

The defendant asserts the delay in imposing a final sentence divested the trial court of jurisdiction to resentence him. He claims he has waited sixteen years for a final sentence, which delay denies him his right to a speedy trial and a speedy appeal. In support of his claim, the defendant cites La.Code Crim.P. art. 874, which provides that a sentence shall be imposed without unreasonable delay. The defendant contends the sanction for unreasonable delay in imposing a legal sentence is to divest the trial court of jurisdiction to sentence a defendant. The defendant failed to object to imposition of his sentence on this basis in his Motion to Reconsider Sentence. Thus, we find review of this claim is waived. La.Code Crim.P. art. 881.1(E).

## PRO SE ASSIGNMENT OF ERROR NO. 2

The defendant asserts the trial court erred in failing to consider his behavior during the past sixteen years of incarceration at the February 19, 2008, resentencing hearing. The defendant explains that while incarcerated he has educated himself, he

7

has completed "schooling programs," and he has "addressed his chemical dependency."

The defendant failed to raise this ground at the resentencing proceeding or in his motion to reconsider sentence; thus, this court finds the defendant waived review of his sentence on this ground. La.Code Crim.P. art. 881.1(E). Additionally, the two enhanced thirty-year sentences became final in 1998, and these sentences are precluded from review. *See White*, 97-1505, La.Code Crim.P. arts. 914 and 922, and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172. Furthermore, as this court is remanding this matter to the trial court for imposition of sentences on counts one and three, this assignment of error is premature as to these two convictions.

## PRO SE ASSIGNMENT OF ERROR NO. 3

The defendant claims his thirty-year sentence is excessive. However, as noted above, two enhanced thirty-year sentences were imposed in 1997 and became final in 1998; these sentences are precluded from review. *See White*, 97-1505, La.Code Crim.P. arts. 914 and 922, and *Melinie*, 665 So.2d 1172. Accordingly, this assignment of error lacks merit.

## DECREE

Counsel's Motion to Withdraw is denied. The case is remanded to the trial court for imposition of non-enhanced sentences on counts one and three.

**MOTION TO WITHDRAW DENIED;
CASE REMANDED FOR SENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

8